**In the Matter of Joseph W. NIENABER.**

No. 15S00–9410–DI–1006.

Supreme Court of Indiana.

July 9, 1996.

*ORDER FINDING MISCONDUCT AND DIRECTING SUSPENSION*

Upon a *Verified Complaint for Disciplinary Action* filed by the Indiana Supreme Court Disciplinary Commission, evidentiary hearing of this matter was conducted on March 4, 1996. The hearing officer has tendered to this Court his findings of fact, conclusions of law and recommendation, and this matter is now before us for final resolution.

And this Court, being duly advised, now accepts the findings and conclusions of the hearing officer. Accordingly, we now find that the respondent, an attorney admitted to practice law in the states of Ohio, Kentucky, and Indiana, violated Ind. Professional Conduct Rule 3.3(a)(1) by knowingly making a false statement of material fact to a tribunal in support of a claim for reimbursement. We find further that the respondent violated Prof.Cond.R. 8.4(c) in that he engaged in conduct involving dishonesty, fraud, deceit, and misrepresentation. In mitigation, we find that the respondent has no prior disciplinary record, that he made a timely good faith effort to make restitution and that he did in fact make restitution, that he made full and free disclosure to the Commission during investigation and prosecution of this matter, and that he has been disciplined for the misconduct underlying this proceeding in two other jurisdictions. *Cincinnati Bar Association v. Nienaber*, 68 Ohio St.3d 459, 628 N.E.2d 1340 (1994) (six-month suspension without automatic reinstatement); *Kentucky Bar Association v. Joseph W. Nienaber*, 878 S.W.2d 795 (Ky.1994) (six month suspension without automatic reinstatement).

The hearing officer has recommended that the respondent be suspended from the practice of law for a period of six months, effective August 1, 1995, that being the approximate date the respondent voluntarily ceased practicing law in this state. We now further find that we shall accept the hearing officer's recommendation of sanction, but will also require that the respondent demonstrate that he has been readmitted to the practice of law in the state of Ohio before he may be reinstated in this state.

IT IS, THEREFORE, ORDERED that the respondent, Joseph W. Nienaber, is suspended from the practice of law for a period of not less than six months, beginning August 1, 1995. At the conclusion of that period, the respondent shall be eligible to seek reinstatement to the practice of law in this state, on the conditions that prior to such reinstatement the respondent provide the Clerk of this Court with documentation indicating that he has been readmitted to the practice of law in the state of Ohio and that he otherwise comply with the provisions of Ind. Admission and Discipline Rule 23, Section 4.

Costs of this proceeding are assessed against the respondent.

The Clerk of this Court is directed to forward notice of this Order to the respondent or his attorney, to the Indiana Supreme Court Disciplinary Commission, and to all other entities as listed in Admis.Disc.R. 23(3)(d), governing suspension and disbarment.

/s/ Randall T. Shepard
Randall T. Shepard
Chief Justice of Indiana

All Justices concur.

Special notice to the United States District Court: The respondent may be served at 3206 Warsaw Ave., Cincinnati, Ohio 45205.