■
## In the Matter of Joseph W. NIENABER.
### No. 15S00–9802–DI–98.

Supreme Court of Indiana.

Dec. 28, 1998.

## ORDER IMPOSING IDENTICAL RECIPROCAL DISCIPLINE

The respondent, Joseph W. Nienaber, an attorney admitted to practice law in this state and the state of Ohio, was suspended indefinitely by the Supreme Court of Ohio, effective December 31, 1997.[1] *Cincinnati Bar Association v. Nienaber*, 80 Ohio St.3d 534, 687 N.E.2d 678 (1997). In light of that Ohio discipline, the Indiana Supreme Court Disciplinary Commission requested, pursuant to Ind.Admission and Discipline Rule 23(28)(b), that this Court impose identical reciprocal discipline in this state. In response to that filing, this Court issued a show cause order directing the parties to show within 30 days why identical reciprocal discipline should not issue in this state. Neither the Commission nor the respondent has attempted to show why such discipline should not issue here.

Being duly advised, we find that the respondent is currently suspended from the practice of law in this state due to a prior finding of ethical misconduct. *Matter of Nienaber*, 667 N.E.2d 751 (Ind.1996) (suspended for a period of not less than six months, effective July 1, 1995, with the condition that the respondent must formally petition this Court for reinstatement to the practice of law); *Matter of Nienaber*, Case No. 15S00–9410–DI–1006, January 28, 1998 (denial of respondent's petition for reinstatement based on his failure to disclose the pendency of Ohio disciplinary proceedings, which supported a finding that the respondent failed to demonstrate compliance with prerequisites to reinstatement in Admis.Disc.R. 23(4)). We find further that neither the Commission nor the respondent has shown cause why the respondent should not now be subject to discipline identical to that imposed by the Supreme Court of Ohio for the misconduct underlying his recent discipline in that state, to wit: knowingly making a false statement of material fact in the representation of a client, counseling or assisting a client in conduct he knew to be criminal or fraudulent, engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation, and engaging in conduct prejudicial to the administration of justice. Accordingly, we find that identical reciprocal discipline should issue in this state, and, given the respondent's present suspension, that the discipline should be effective immediately.

IT IS, THEREFORE, ORDERED that the respondent, Joseph W. Nienaber, be suspended from the practice of law for an additional period of not less than two (2) years, effective immediately, at the conclusion of which he shall be eligible to petition this Court for reinstatement to the bar of this state, provided he can satisfy the requirements of Admis.Disc.R. 23.

The Clerk of this Court is directed to forward a copy of this Order to the respondent or his attorney, to the Indiana Supreme Court Disciplinary Commission, and to all other entities as identified in Admis.Disc.R. 23(3)(d).

All justices concur.

---

1. Pursuant to Rule V, Sections 6 and 10 of the Supreme Court Rules for the Government of the Bar of Ohio, a lawyer who is suspended indefinitely from the practice of law has no right to apply for readmission for at least two years after the entry of the order of discipline by the Supreme Court of Ohio.